FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 JUL -1 PM 12: 04

OFFICE OF THE CLERK

in the United States District Court for the District of Nebraska

Bernard Fraction
        plaintiff

Vs.    Legal Aid of Nebraska
    Tim Dolan Senior County
    Attorney

8:26cv311

Violation of my Constitutional Right Due Process

Title illegal Transfer of my property

Comes Now I Bernard Fraction Remain Homeless because on 4-4-2013 My Home of 40 years was illegally Handed over to Randy James,

Randy James Submitted A Bogus Fraudulent Affadavit to the County Treasurers office Requesting A Tax Deed without the Criteria mandatory requirements, Personal Notice, Publication requirements And A Validated Affadavit from the County Sheriff Department

After Several years I was Able to get A Copy of the Public records from the County Treasurers office 23 pages. After I Examined the Documents I noticed it was Not in Compliance with Nebraska Revised State Statues 77-1832- Revised 77-1833-35.

I submitted A plublic Records requesting the name And Title of the Person that Validated the Affadavits on file in the County treasures office.

County Attorney Joshuawa Wolff Responded stating No record Found As required by state Laws

My Next Contact was Legal Aid of Nebraska

I was Allowed to Apply for Services I was Accepted And Assigned a Attorney Kate Owens

Kate owens Went to the County treasure's office seeking Proof that the mandatory requirements were Completed, they were not making my Case of theft by Deception Legal Aid of Nebraska would Not Allow my Assigned Attorney to follow up on Her motion in District Court Aginst Randy James to show Cause

Legal Aid of Nebraska did not file a motion to withdraw Legally giving me A Chance to Explain my position I Am ~~Holmeless~~ As A result And Suffering.

I Am Homeless

Bernard Fraction
Bernard Fraction
Bernard Fraction 55 @
gmail . Com
402-718-7638
2717 So 24th Street
Council Bluffs Iowa

22 May 2019

Mr. Michael Royce
15707 South 234 Street
Omaha NE 68028

Re: 3026 Lafayette Ave
Omaha, NE 68131

Douglas County Treasurers
& Douglas County Tax
Assessors

Pin: 1802490000

Dear Mr. Michael Royce,

This letter I am writing, concerns my house, my property located at 3026 Lafayette Ave, Omaha NE 68131. I have owned that property for decades. My specific intent in writing, is to make you aware that I have been fighting for my illegally stolen real estate property for 5 years and that there are numerous court cases supporting that this fact. Court cases ranging from County Court, District Court, Federal Court, and currently a Federal Court Case relating to Chain Conspiracy. (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA: 8:19-CV-192 - Current)

Douglas County Treasurer's Office clearly relatively states the following: A Tax Deed forgoes being a Real Estate Deed or a Warranty Deed or a Special Warranty Deed. A Tax Deed, without proper and correct noticing in effect, was utilized to illegally remove my person from my property. I have more than did due diligence and there lacks being a Valid Warranty Deed for Vandelay Investments to take actions against removing my person from my property.

I am writing to let you know that you have a valid claim against the Vandelay Investments, LLC., Randy James and many others. Your claim concerns fraudulent real estate sales and purchase for this matter. I am actively pursuing my claim against numerous defendants.

I am actively seeking a remedy for monetary damages and, a legal remedy to recover monetary damages for my illegally obtained property and a remedy for monetary damages concerning my lost valuable personal property.

1

*Exibits # 1 for All*

## NEBRASKA COMMISSION ON JUDICIAL QUALIFICATIONS

Complaint or Request Form

CONFIDENTIAL

TO:        Commission on Judicial Qualifications

FROM:   _Bernard Fraction_

DATE:   _11-28-25_

Please consider this form to be: (select one)

____✓____ A complaint against a judge of the State of Nebraska regarding his or her acts, activities, or qualifications.

_____ A request that the Commission consider the qualifications of a judge of the State of Nebraska.

1. Name of the Judge: _James Masteller      J. Mastellers_

2. Name of Court: _District Court of Douglas County Nebraska_

3. City: _Omaha_

4. Date of incident: _11-3-25_

5. Time of incident: _9:00 - 4:30_

(If not a specific incident, dates and times of the activity that cause the complaint or request.)

6. Location of incident: _District Court Room 409?_

7. The information you provide in this statement should be based on facts and not on personal conjecture.
   This complaint or request is being filed against Judge _James Mastlers_ because:

_the Judge did not go by the mandatory Requirement Personal Notice to be Served by A County Sheriff only As required By Nebraska revised state statue 77-1832 or 77-1837 which Require personal Notice in All Cases involving A Tax Deed_

_Note: Tim Dolan Senior County Attorney's Failure to Disclose THe Fact THere are No Validated Affadavits on file As Required By Nebraska Law's_   (Attach additional pages if necessary.) _See Packet of Evidence_





001300168D01

In The District Court of Douglas County, Neb.

Bernard Fraction,

Plaintiff,

Dennis Rookstool,
Douglas County Treasurs
Defendants.

Complaint And Petition
For Damages
CI16-3090

ASSIGNED TO Coffey

Comes Now Bernard Fraction And for His petition in this matter states as Follows;

1. The plaintiff, Bernard Fraction, resides in the State of Nebraska And has resided in said State for more than 20 years;

2. In November 2013 with No Prior Notice. Randy James of Vandelay Investments posted An Eviction notice on the Home of the plaintiff

3. Plaintiff went to the Register of Deeds And Check For Notices Sent to 3026 Lafayette. Plaintiff Discovered Certified mail Addressed To: Bernard Fraction was Forged,

4. According to State Statues 77-1832 Personal Notice was Not Given to plaintiff.

5. Plaintiff understand His Due Process Rights were violated.

6. Defendant Dennis Rookstool Handed Over A Tax Deed to Randy James And Vandelay Investments Illegally.

7. Wherefore, Plantiff Fraction has Suffered Emotional duress And Additional Stress As A result of Having been deprived of His Rights As A Homeowner

8. Be it Resolved, That Fraction prays this Court Enter And Order granting Plaintiff Judgment in the Amount of 500,000 in Civil Claims And as well Covering Plaintff emotional duress, Impoverished State.

Dated: April 8 2016

Bernard Fraction,
Plaintiff Pro SE
Bernard Fraction

EXHIBIT
8

#44    FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
APR 13 2016
JOHN M. FRIEND
CLERK DISTRICT COURT

Art. VIII, § 3 — CONSTITUTIONS — 296

**Personal notice.**

**—Purpose.**

The intention was to provide for the giving of "notice to redeem" as, in the judgment of the legislature, would be most likely to reach the then-owner of real estate which had been sold for taxes, advise him when his right to redeem would expire, and thus afford him an opportunity to prevent the divestiture of his title. Thomsen v. Dickey, 42 Neb. 314, 60 N.W. 558 (1894).

**—Contents.**

Notice to redeem must be served upon the party designated by the statute, and must contain the precise information required; the statements required were as jurisdictional as the service of the notice. Heize v. Mitchell, 93 Neb. 278, 140 N.W. 143 (1913).

Statute prescribing the duties of the purchaser of a tax deed with respect to the issuance of final notice, the contents of the notice, and the manner of service, carries out constitutional provision in this section. Parsons v. Prudential Real Estate Co., 86 Neb. 271, 125 N.W. 521 (1910).

**—Failure to notify.**

The failure of a tax purchaser to give notice to the owner or occupant of the real estate to redeem at least three months before the time of redemption expires, although fatal to the obtaining of a tax deed, is not indispensable to enable the holder of the tax certificate to bring an action to foreclose the tax lien. Lammers v. Comstock, 20 Neb. 341, 30 N.W. 251 (1886).

Payment of redemption money and interest was voluntary where no notice served. Jones v. Duras, 14 Neb. 40, 14 N.W. 537 (1883).

**—Time.**

The notice, to be effectual, must be given before the time to redeem expires. Hendrix v. Boggs, 15 Neb. 469, 20 N.W. 28 (1884).

**—When required.**

Personal notice, required in sale of land for taxes, as provided in this section, applies in all cases where a tax deed is sought, but is not required in sales under tax foreclosures in § 77-1837. Connely v. Hasselberth, 132 Neb. 886, 273 N.W. 821 (1937).

Personal notice required by this section is not required in all circumstances. Commercial Sav. & Loan Ass'n v. Pyramid Realty Co., 121 Neb. 493, 237 N.W. 575 (1931).

Provision of the state constitution providing for the time within which to redeem from tax sales, applies to judicial as well as to administrative sales. Selby v. Pueppka, 73 Neb. 179, 102 N.W. 252 (1905).

A purchaser at a tax sale is not required to give a notice to redeem to maintain an action to enforce a lien. Van Etten v. Medland, 53 Neb. 569, 74 N.W. 33 (1898).

It is not necessary to serve a notice on the defendant before bringing a suit to enforce a tax lien. McClure v. Lavender, 21 Neb. 181, 31 N.W. 672 (1887).

**Procedure.**

For a case discussing the procedural methods of foreclosing tax liens, former § 77-2039, Comp. St. Supp. 1941, and the foreclosure of tax sale certificates, former §§ 77-2040 and 77-2041, see Madison County v. Walz, 144 Neb. 877, 14 N.W.2d 319 (1944).

**Right to redeem.**

No one may be deprived of the right to redeem lands sold for taxes until after the lapse of the stated period from the date of sale; and, not then, unless the notice is given to occupants, if any, of the lands. Bryant v. Estabrook, 16 Neb. 217, 20 N.W. 245 (1884).

**Sales.**

Right to redemption applies to judicial sale where there had been no prior administrative sale. Smith v. Carnahan, 83 Neb. 667, 120 N.W. 212 (1909).

Sale for taxes must in all cases be made subject to the owner's right to redeem within two years from the completed sale, and no court or officer has power to sell and convey a higher title. Smith v. Carnahan, 83 Neb. 667, 120 N.W. 212 (1909).

There is nothing in the constitution which forbids the enforcement of a tax lien by judicial sale without an antecedent administrative sale. Logan County v. Carnahan, 66 Neb. 685, 92 N.W. 984 (1902), aff'd, 66 Neb. 693, 95 N.W. 812 (1903).

**Tax deed.**

It is not within the power of legislature to make tax deed conclusive evidence of jurisdictional facts. Larson v. Dickey, 39 Neb. 463, 58 N.W. 167 (1894).

**Two years.**

**—Computation.**

Two-year constitutional provision for redemptions from tax sales is satisfied by elapse of two years after sale before tax deed issue or by two-year stay after judicial sale before confirmation and issuance of sheriff's deed. Commercial Sav. & Loan Ass'n v. Pyramid Realty Co., 121 Neb. 493, 237 N.W. 575 (1931).

Where foreclosure of a tax sale certificate is not completed until confirmation, the two years' time allowed begins to run from that date in foreclosures upon tax sale certificates. Criswell v. McKnight, 119 Neb. 762, 230 N.W. 688 (1930).

The period in which the owner of land sold under a tax decree in proceedings under the Scavenger Act is entitled to redeem from the sale, runs from the sale by the county treasurer under the decree. Parsons v. Prudential Real Estate Co., 86 Neb. 271, 125 N.W. 521 (1910).

**—Foreclosure.**

Owners and others interested in realty sold

*No Record Found*

CONCLUSION...................................................................................................22, 23

PROOF OF SERVICE..............................................................................................23


## TABLE OF AUTHORITIES

### CASES CITED

*Artis v. Francis Howell North Band Booster Ass'n Inc.,* 161 F.3d 1178 (8th Cir. 1998)...............19

*Ashcroft v. al-Kidd,* 563 U.S. 731, 131 S. Ct. 2074 (2001) .............................................21

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009).................................................17

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)...............................17, 18, 21

*Board of County Comm'rs of Bryan County, Okla. V. Brown,* 520 U.S. 397, 117 S.Ct. 1382 (1997)....................................................................................................................20

*Bradford v. Huckabee,* 394 F.3d 1012 (8th Cir. 2005)..................................................22

*Brown v. Glebe,* 213 Neb. 318, 328 N.W.2d 786 (1983)...............................................15

*Bruno v. Metropolitan Utilities District,* 287 Neb. 551, 844 N.W.2d 50 (2014)...............2, 7, 8, 12

*Butler School District No. 502 v. Meysenburg,* 268 Neb. 347, 683 N.W.2d 367 (2004) ..........3, 15

*Campbell v. City of Lincoln,* 195 Neb. 703, 240 N.W.2d 339 (1976) ............................................13

*Caspers Constr. Co. v. Nebraska State Patrol,* 270 Neb. 205, 700 N.W.2d 587 (2005)..............3, 8

*County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708 (1998)........................................18

*Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662 (1986) ...............................................18

*Egerdahl v. Hibbing Comm. College,* 72 F.3d 615 (8th Cir. 1995)..............................................19

*Ferer v. Erickson Sederstrom, PC,* 272 Neb. 113, 718 N.W.2d 501 (2006) ...................................14

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727 (1982) .........................................................22

*Hauxwell v. Henning,* 291 Neb. 1, 863 N.W.2d 798 (2015)...........................................................16

*Hutmacher v. City of Mead,* 230 Neb. 78, 430 N.W.2d 276 (1988)...............................................14

+1 (775) 6...
online

and sensitivity of the matter.

9:43 AM

In tandem, I will draft and submit a petition to the Office of the Attorney General outlining the legal basis for prosecutorial involvement, jurisdictional oversight, and the broader implications of your case. This dual action aims to advance litigation readiness while securing institutional engagement at the federal level, thereby maximizing our prospects for enforcement, asset recovery, and victim restitution.

9:45 AM

I strongly encourage you to take prompt and proactive measures to fulfill your obligation in a timely and responsible manner.

9:47 AM

Message

| STATE OF NEBRASKA | **PRAECIPE** | |
|---|---|---|
| C/SC 123 (8/19) | | |

### Douglas County Court, Civil/Small Claims Division
### 1819 Farnam Street, Farnam Level, Omaha, NE 68183  (402) 444-5424

BERNARD FRACTION
_____
Plaintiff

VS.

TRAVELER'S INSURANCE COMPANY
_____
Defendant

**PRAECIPE**

CASE No. CI-24-26873

To the Clerk of said Court:

Please Issue   P. O. BOX 650293   ATTN: Dexter Hott
                DALLAS, TX 75265 - 0293

PERSONAL SERVICE ☐

PERSONAL/RESIDENTIAL SERVICE ☐

CONSTRUCTIVE SERVICE ☐
DILIGENT EFFORTS/1ST CLASS MAIL

in the above entitled cause.

DATE: November 20 2024   PRO SE'S/ATTORNEY'S SIGNATURE: Bernard Fraction

ATTORNEY NUMBER: 2717 So 24th

ADDRESS: 2717 So 24th Street

CITY, STATE, ZIP CODE: Council Bluff IA.

TELEPHONE NUMBER: 402-718-7638

CONSTABLES ☐

SHERIFF ☐

CERTIFIED MAIL ☑

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| BERNARD FRACTION, | ) | Case No. CI 25-2707 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AFFIDAVIT OF** |
| vs. | ) | **ROBERT S. LANNIN** |
| | ) | |
| RANDY JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| STATE OF NEBRASKA | ) | |
| | ) ss. | |
| COUNTY OF LANCASTER | ) | |

I, Robert S. Lannin, being first duly sworn upon oath, depose and state as follows:

1.   I am competent to testify and at least 21 years of age. I have personal knowledge of the facts stated below and the documents attached.

2.   I am an attorney of record for the Defendant, Randy James in the above-captioned matter.

3.   I submit this affidavit in support of Defendant's Motion to Dismiss Plaintiff's latest Complaint.

4.   Plaintiff's Complaint is yet another attempt to litigate matters related to the issuance of a Treasurer's Tax Deed by the Douglas County Treasurer involving property in which Plaintiff's claimed some interest.

5.   In 2015, Plaintiff filed a complaint in a case captioned *Fraction v. James*, District Court of Douglas County, Nebraska No. CI 15-6268. Attached and marked Exhibits "1" and "2" are copies of the Complaint filed and the Order entered by the District Court granting summary judgment and dismissing the Complaint.

6.   Plaintiff appealed the District Court Order to the Nebraska Court of Appeals, which dismissed the appeal. A copy of the mandate of the Court of Appeals is attached as Exhibit "3".

7.    Since that initial case, Plaintiff has filed suit against Randy James on the same set of facts in the following, all in the District Court of Douglas County:

a.    *Fraction vs. James*, CI 19-8507 (appeal from county court dismissal of CI 19-14240; and

b.    *Fraction vs. James*, CI 23-2253.
       Copies of the Complaints and dismissals are attached as Exhibits "4" through "7".

8.    In addition to suing the present Defendant multiple times, Plaintiff has also filed suit against the Douglas County Treasurer and certain employees and representatives. Those actions include:

a.    *Fraction vs. Dennis Rookstool and Douglas County Treasurer*, CI 16-3090 (affirmed by Nebraska Court of Appeals); and

b.    *Fraction vs. Douglas County Attorney's Office, et al.*, CI 19-346
       Copies of relevant filings and dismissals are attached as Exhibits "8" through "12".

9.    It further appears Plaintiff has resorted to the federal courts. A review of the federal court PACER filing system shows the following filed by Plaintiff:

a.    *Fraction vs. James, et al.*, 14-CV-348;

b.    *Fraction vs. James, et al.*, 17-CV-101 (appealed to Eighth Circuit Court of Appeals);

c.    *Fraction vs. Rookstool*, 17-CV-292; and

d.    *Fraction vs. Douglas County Attorney's Office, et al.* 19-CV-192 (appealed to Eighth Circuit Court of Appeals).
       Copies of relevant filings are attached as Exhibits "13" through "22".

10.   By Affiant's count, Plaintiff has litigated issues related to the Treasurer's Tax Deed in at least nine separate court filings.

Further affiant sayeth not.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Defendant's Motion for Summary Judgment filed on July 25, 2025, shall be, and hereby is, sustained. Accordingly, the Plaintiff's Complaint filed on April 3, 2025, is dismissed with prejudice at the Plaintiff's cost. The Court overrules any other pending motion or request for relief filed by the Plaintiff in this matter.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Plaintiff, Bernard Fraction, is henceforth prohibited from filing suit in Nebraska state court against James regarding the sale of the tax deed, the notice requirement under Chapter 77, and the general acquisition of the Property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Fraction's *in forma pauperis* status is revoked in this case, and that Fraction shall not receive *in forma pauperis* status in any future Nebraska state court case in which he files suit against James regarding the sale of the tax deed, the notice requirement under Chapter 77, and the general acquisition of the Property.

DATED this 3rd day of November, 2025.

BY THE COURT:

Hon. James M. Masteller
District Judge

Judge, James Masteller is involved with Trying to Couee up this THEFT By Deception Tax Deed SCAm Queston Did the Judge read the state statue 77-1832 that require personal Notice[19] I Filed A Motion Show Cause the motion was denied

**Summary of Facts**                                                    1-5

1. On March 20, 2013 I approached the county treasurers' office in regards to prerequisite affidavits. I was advised to submit a request in writing and was told that the documents would be mailed to me.

2. In approximately January of 2013 I received several documents from them but it wasn't the requested information.

3. I had resent my request for the information several times over the course of the next 2 years to no avail.

4. On October 21, 2016 I finally received a response to my request and was provided with the documentation that had been requested years previously.

IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

BERNARD FRACTION, )
)
Plaintiff, )     Case No. CI 19-**8507**
)
vs. )
)     **ORDER OF DISMISSAL**
RANDY JAMES AND VANDELAY )
INVESTMENTS L.L.C., a Nebraska )
corporation, )
)
Defendants.

**FILED**
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
DEC 11 2019
JOHN M. FRIEND
CLERK DISTRICT COURT

NOW on this 6th day of December, 2019, this matter comes before the court on Defendant's Motion to Dismiss. Plaintiff appears Pro Se. Defendant's appear through their attorney Robert S. Lannin. There are no other appearances.

Defendant's counsel presents its arguments for dismissal and Plaintiff presents his arguments in opposition to the Motion to Dismiss.

Being well and duly advised, the court notes that on this appeal from County Court, dismissal by the County Court occurred on September 10, 2019. Plaintiff's Notice of Appeal was filed October 25, 2019. Any intervening motions for reconsideration or otherwise do not toll the 30 day appeal time. As Plaintiff's Notice of Appeal was filed outside of 30 days of the order of disrnissal, the appeal is untimely and this court is without jurisdiction. Under authority such as *Breeden vs. Nebraska Methodist Hospital*, 257 Neb. 371, 598 N.W.2d 441 (1999), the filing of a Motion for Reconsideration does not toll the 30 day appeal time. As Plaintiff's Notice of Appeal is untimely this court is without jurisdiction, and this appeal and case is dismissed.

IT IS SO ORDERED.

BY THE COURT:

The Honorable Kimberly Miller Pankonin
District Court Judge

001977594D01

EXHIBIT
**1**